**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

DEMETRIUS GUIRAND, *on behalf of himself,*
*FLSA Collective Plaintiffs, and the Class,*

　　　　　　　　　　Plaintiff,

　　　　　　v.

SUEDE HOSPITALITY GROUP, INC
　　　d/b/a CARIBBEAN SOCIAL,
SUEDE BROOKLYN, INC.
　　　d/b/a SUEDE RESTAURANT,
CARIBBEAN KITCHEN BROOKLYN INC
　　　d/b/a CARIBBEAN KITCHEN, and
CHASEN HOLLACIND,

　　　　　　　　　　Defendants.

---

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

**Jury Trial Demanded**

　　　　Plaintiff DEMETRIUS GUIRAND ("Plaintiff GUIRAND" or  "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, SUEDE HOSPITALITY GROUP, INC d/b/a CARIBBEAN SOCIAL, SUEDE BROOKLYN, INC. d/b/a SUEDE RESTAURANT, CARIBBEAN KITCHEN BROOKLYN INC d/b/a CARIBBEAN KITCHEN ("Corporate

Defendants"), and CHASEN HOLLACIND (the "Individual Defendant," and together with Corporate Defendants, "Defendants"), and states as follows:

## INTRODUCTION

1.     Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime; (2) unpaid wages, including overtime, due to time shaving; (3) unpaid overtime due to an invalid tip credit; (4) liquidated damages; and (5) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime; (2) unpaid wages, including overtime, due to time shaving; (3) unpaid wages, including overtime, due to an invalid tip credit; (4) compensation for late payment of wages; (5) unpaid spread of hours premium; (6) statutory penalties; (7) liquidated damages; and (8) attorneys' fees and costs.

3.     Plaintiff additionally alleges that Defendants unlawfully retaliated against him, in violation of the FLSA, and thus seeks to additionally recover from Defendants: (1) liquidated damages; (2) interest; and (3) attorneys' fees and costs.

4.     Plaintiff additionally alleges that Defendants unlawfully retaliated against him, in violation of the NYLL, and thus seeks to additionally recover from Defendants: (1) liquidated damages; (2) interest; and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because the events giving rise to this Complaint took place in this District and because Defendants' principal place of business is in this District.

## PARTIES

7. Plaintiff DEMETRIUS GUIRAND is a resident of Kings County, New York.

8. Defendants own and operate three (3) restaurants at the following locations:

(a) Caribbean Social – 847 Flatbush Avenue, Brooklyn, NY 11226;

(b) Suede Restaurant – 5610 Clarendon Road, Brooklyn, NY 11203; and

(c) Caribbean Kitchen – 286 Utica Avenue, Brooklyn, NY 11213 (collectively, the "Restaurants").

9. The Restaurants are operated as a single integrated enterprise under the common control of Individual Defendant. Specifically, the Restaurants are engaged in related activities, share common ownership, and have a common business purpose.

(a) Individual Defendant CHASEN HOLLACIND is the owner of all Corporate Defendants.

(b) The Restaurants are advertised on the homepage of each Restaurant. Attached hereto as **Exhibit A.**

(c) Reservations can be made for Caribbean Social and Suede Restaurant on Caribbean Social's Homepage. Attached hereto as **Exhibit A.**

3

(d) The Restaurants share a common Gift Card. Attached hereto as **Exhibit B.**

(e) The Restaurants all serve Caribbean cuisine.

(f) Non-exempt employees of Corporate Defendants are fully interchangeable. During Plaintiff's employment by Defendants, Defendants frequently transferred employees among the Restaurants to perform work on an as-needed basis.

Although Plaintiff did not work at all of Defendants' Restaurants, **all** of the Restaurants are appropriately named in this Complaint through the relevant Corporate Defendants. Because the Restaurants share identical illegal wage and hour policies, the Restaurants and the relevant Corporate Defendants are properly named on the basis of their outstanding liability to the Class Members for whom Plaintiff seeks to represent.

10.  Corporate Defendant SUEDE HOSPITALITY GROUP, INC d/b/a CARIBBEAN SOCIAL is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 847 Flatbush Avenue, Brooklyn, NY 11226, and an address for service of process located at 5610 Clarendon Road, Brooklyn, NY 11203.

11.  Corporate Defendant SUEDE BROOKLYN, INC. d/b/a SUEDE RESTAURANT is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 5610 Clarendon Road, Brooklyn, NY 11203, and an address for service of process located at 9502-18 Kings Highway, Suite 118, Brooklyn, NY 11212.

12.  Corporate Defendant CARIBBEAN KITCHEN BROOKLYN INC d/b/a CARIBBEAN KITCHEN is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located 286 Utica Avenue, Brooklyn, NY 11213, and an address for service of process located at c/o Spiegel & Utrera, P.A. P.C., 1 Maiden Lane, 5th Floor, New York, NY 10038.

13.    Individual Defendant CHASEN HOLLACIND is the owner of Corporate Defendants. CHASEN HOLLACIND exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs, and the Class. With respect to Plaintiff, FLSA Collective Plaintiffs, and the Class, he exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. At all times, employees could complain to CHASEN HOLLACIND regarding any of the terms of their employment, and CHASEN HOLLACIND would have the authority to effect any changes to the quality and terms of employees' employment. CHASEN HOLLACIND ensured that employees effectively serve customers and that the business is operating efficiently and profitably. CHASEN HOLLACIND exercised functional control over the business and financial operations of Corporate Defendants. CHASEN HOLLACIND had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class Members and could reprimand employees.

14.    At all relevant times, Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, and the regulations thereunder.

15.    At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members were directly essential to the business operated by Defendants.

16.    At all relevant times, Plaintiff was Defendants' employee within the meaning of NYLL § § 2 and 651.

17.    At all relevant times, Defendants were Plaintiff's employers within the meaning of NYLL § § 2 and 651.

18.    Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19.   Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including servers, bartenders, barbacks, waiters, bussers, food runners, food preparers, cooks, chefs, and dishwashers among others, employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

20.   At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages, including: (i) unpaid wages, including overtime; (ii) unpaid wages, including overtime, due to time shaving; (iii)) liquidated damages; and (iv) attorneys' fees and costs. A subclass of tipped employees has a claim for unpaid overtime, due to an improperly deducted tip credit.

21.   The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

22.   Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including servers, bartenders,

barbacks, waiters, bussers, food runners, food preparers, cooks, chefs, and dishwashers among others, employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

23. All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

24. The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees ("Tipped Subclass") who also number more than forty (40). Plaintiff is a member of both the Class and the Tipped Subclass.

25. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay wages, including overtime; (ii) failing to pay wages, including overtime, due to an invalid tip credit; (iii) failing to pay wages, including overtime, due to time shaving; (iv) late payment of wages (v) failing to pay spread of hours premium; (vi) failing to provide wage and hour notices per requirements of the NYLL; and (vii) failing to provide proper wage statements per requirements of the NYLL.

26.    More specifically, with regard to Plaintiff and the Tipped Subclass, Defendants also failed to pay Plaintiff and the Tipped Subclass the proper minimum wage and overtime because Defendants were not entitled to claim any tip credit because they failed to meet statutory requirements under the NYLL. Plaintiff and the Tipped Subclass suffered from Defendants' failure to pay minimum wage and their proper overtime due to Defendants' invalid tip credit allowance because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter; (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding twenty percent (20%) of the total hours worked each workweek; (iii) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period; and (iv) failed to accurately keep track of daily tips earned and maintain records thereof.

27.    Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

28.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

29.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated

persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

30.    Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

31.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the Class within the meaning of the NYLL;

b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class Members;

c. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class Members for their work;

d. Whether Defendants properly notified Plaintiff and the Class Members of their hourly rates and overtime rates;

e. Whether Defendants compensated Plaintiff and Class Members for all hours worked, including overtime;

f. Whether Defendants compensated Plaintiff and Class Members for all hours worked, including overtime, due to time shaving;

g. Whether Defendants paid Plaintiff and Class Members the proper minimum wage under the NYLL;

h. Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

i. Whether Defendants accurately tracked the amount of tips earned each day and maintained records thereof;

j. Whether Defendants caused tipped employees to engage in non-tipped duties exceeding twenty percent (20%) of each workweek;

k. Whether Defendants took the proper amount of tip credit allowance for each payment period under the NYLL;

l.    Whether Defendants provided proper wage statements informing tipped employees of the amount of tip credit taken for each payment period;

m.    Whether Defendants paid Plaintiff and Class Members their lawful wages in a timely manner;

n.    Whether Defendants paid Plaintiff and Class Members the New York State "spread of hours" premium when their workdays exceeded ten (10) hours;

o.    Whether Defendants provided wage notices, at date of hiring and annually thereafter, to all non-exempt employees per requirements of the NYLL; and

p.    Whether Defendants provided proper wage statements reflecting all hours worked by Plaintiff and the Class Members, and other information required to be provided on wage statements, as required under the NYLL.

## STATEMENT OF FACTS

*Wage and Hour Claims*

32.    In or around October 2020, Plaintiff GUIRAND was hired by Defendants to work as a bartender at Defendants' Caribbean Social restaurant, located at 847 Flatbush Avenue, Brooklyn, NY 11226. In or around February 2021, Plaintiff GUIRAND was promoted to head bartender. Plaintiff GUIRAND quit in or around October 2021 when he was not being paid all his wages.

33.    Plaintiff GUIRAND also worked on an as needed basis at Suede Restaurant located at 5610 Clarendon Road, Brooklyn, NY 11203.

34.    As a bartender, Plaintiff GUIRAND's duties included, tending to the bar, serving customers, and making drinks.

35.    Throughout his employment, Plaintiff GUIRAND was regularly scheduled to work seven (7) days from 11:00 a.m. to 2:30 a.m., fifteen point five (15.5) hours a day, for a total of

one hundred eight point five (108.5) hours per week. FLSA Collective Plaintiffs and Class Members were similarly scheduled to work more than forty (40) hours each week.

36.    From the start of his employment until in or around April 2022, Plaintiff GUIRAND was paid at the New York State tip credit minimum wage and overtime rate. From in or around April 2022 until the end of his employment, Plaintiff GUIRAND was paid at an hourly rate of eighteen dollars ($18) per hour and an overtime rate of twenty-seven dollars ($27) per hour. FLSA Collective Plaintiffs, and Class Members were paid at similar rates.

Class Claims for Tipped Subclass

37.    At all relevant times, Plaintiff, Tipped FLSA Collective Plaintiffs, and the Tipped Subclass were paid at the New York State tip credit minimum wage and an improper overtime rate. With respect to Plaintiff HASSAN, FLSA Collective Plaintiffs, and Class Members, Defendants were not entitled to claim any tip credit allowance under the FLSA or NYLL because Defendants (i) failed to properly provide tip credit notice in violation of the FLSA; (ii) failed to inform that tip credit will not apply unless they have been informed of the foregoing tip credit notice requirement in violation of the FLSA; (iii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding twenty percent (20%) of the total hours worked each workweek in violation of the FLSA and NYLL; (iv) failed to accurately track daily tips earned or maintain records thereof; (v) failed to properly provide tip credit notice at hiring and annually thereafter in violation of the NYLL; and (vi) failed to provide a proper wage statement with every payment of wages informing Plaintiff GUIRAND and other tipped employees of the amount of tip credit deducted for each payment period, in violation of the NYLL.

38.     Plaintiff GUIRAND was required to engage more than twenty percent (20%) of his working time in non-tipped related activities, including cleaning out the storage area, unpacking all liquor bottles, cleaning, sweeping, and moving furniture. Plaintiff also had to perform host/busser/and server duties, and count at the register. Even though Defendants required tipped employees to engage in non-tipped activities for hours exceeding twenty percent (20%) of the total hours worked each workweek, Defendants improperly claimed tip credit for all hours worked by tipped employees.

Class Claims for All Non-Exempt Employees

39.     After Plaintiff was promoted to head bartender in or around February 2021, Plaintiff was not paid all his wages. Defendants did not pay Plaintiff one (1) to (2) days of pay every week. Furthermore, Plaintiff was not paid for the last eight (8) weeks of his employment. FLSA Collective Plaintiffs, and Class Members similarly not paid for all days worked.

40.     At all relevant times, Plaintiff did not receive the proper overtime compensation, despite working over forty (40) hours per workweek. FLSA Collective Plaintiffs and Class Members similarly did not receive proper overtime compensation.

41.     Throughout their employment with Defendants, Plaintiff was not compensated for all hours worked, including overtime, due to Defendants' policy of time shaving. Plaintiff was required to take  thirty (30) minute unpaid meal break daily. However, Plaintiff was required to work through his meal breaks on a daily basis. As a result, Plaintiff was time shaved a total three point five (3.5) hours per week. FLSA Collective Plaintiffs and Class Members also suffered similarly from Defendants' illegal policy of time shaving by automatically deducting for meal breaks which they did not take.

42.     On a regular basis, Defendants also failed to timely pay Plaintiff his wages. Every week, Plaintiff did not receive his wages within seven (7) days of the end of the week in which Plaintiff earned them, in violation of NYLL § 191(1)(a)(i)[1]. Plaintiff would have to wait one (1) to six (6) days after the week ended to receive his checks. Furthermore, starting in or around February 2021, Plaintiff was not paid for one (1) to two (2) days of pay. From his observations and conversations with co-workers, Plaintiff knows that Class Members similarly did not receive their wages within seven (7) days during the week in which they were earned, because Defendants did not pay them their wages for all hours worked. Therefore, Plaintiff and Class Members are owed liquidated damages equal to the late payment of wages and accrued interest on the delayed payments.

43.     Plaintiff and Class Members regularly worked days that exceeded ten (10) hours in length, but Defendants unlawfully failed to pay Plaintiff and Class Members the spread of hours premium for workdays that exceeded ten (10) hours in length.

44.     In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interest in ensuring proper pay. Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering

---

[1] See *Vega v. CM & Assoc. Constr. Mgmt., LLC*, 2019 NY Slip Op 06459, ¶¶ 1-2, 175 A.D.3d 1144, 1145-46, 107 N.Y.S.3d 286, 287-88 (App. Div. 1st Dept.)

employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

45.     Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff and Class Members.

46.     Defendants knowingly and willfully operated their business with a policy of paying at the New York State minimum wage and at an improper overtime rate for hours worked over forty (40) in a workweek. Defendants were not entitled to claim any tip credits from Plaintiff, Tipped FLSA Collective Plaintiffs, and the Tipped Subclass under FLSA or NYLL.

47.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs, and Class Members for all hours worked, including overtime due to time shaving.

48.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and Class Members, in violation of the NYLL.

49.     Defendants failed to provide wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the NYLL.

50.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

*Retaliation Claims*

51.    Defendants retaliated against Plaintiff GUIRAND in violation of the FLSA and NYLL by not paying Plaintiff in response to his complaints about his unpaid wages.

52.    In or around February 2021, when Plaintiff GUIRAND was working as a head bartender, Plaintiff's paystubs would be short one (1) to two (2) days per week. Defendants did nothing to resolve Plaintiff's issue.

53.    Furthermore, in or around June 2021, Plaintiff complained to Defendants about working too many hours. He requested working five (5) days instead of seven (7). Defendants ignored this request and had Plaintiff continue to work seven (7) days per week.

54.    In response to both complaints, Defendants began to withhold checks from Plaintiff. Plaintiff complained that could not continue to work for free and ultimately quit.

55.    Plaintiff retained Lee Litigation Group, PLLC to represent himself, FLSA Collective Plaintiffs, and Class Members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

56.    Plaintiff realleges and incorporates all the foregoing paragraphs as if fully set forth herein.

57.    At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

58.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

59.     At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

60.     At all relevant times, Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) hours per workweek, including due to time shaving.

61.     At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs at the proper overtime rate to for their hours worked over forty (40) hours a week. Defendants were not entitled to claim any tip credits under the FLSA.

62.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

63.     Defendants knowingly and willfully disregarded the provisions of FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime, when Defendants knew or should have known such was due.

64.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

65.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the

FLSA.

66.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime; unpaid wages, including overtime, due to time shaving; unpaid overtime due to an invalid tip credit; plus an equal amount as liquidated damages.

67.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**

**<u>VIOLATION OF THE NEW YORK LABOR LAW</u>**

68.     Plaintiff realleges and incorporates all the foregoing paragraphs as if fully set forth herein.

69.     At all relevant times, Plaintiff and Class Members were employed by the Defendants within the meaning of the NYLL, §§ 2 and 651.

70.     Defendants willfully violated the rights of Plaintiff and Class Members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek due to time shaving.

71.     Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay them the statutory minimum wage and proper overtime premium for their lawful hours worked. Defendants were not entitled to claim any tip credits.

72.     Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay them their full wages within seven days of the end of the week in which they were earned, in violation of NYLL § 191(1)(a)(i).

73.     Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay

"spread of hours" premium to them for each workday that exceeded ten (10) or more hours.

74.    Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees proper wage notice, at date of hiring and annually thereafter, as required under the NYLL.

75.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL. Defendants are required to provide itemized listings of deductions taken on each wage statement. Defendants failed to satisfy the requirements under the NYLL because such tip credit allowance was never clearly included in wage statements to tipped employees for each payment period. Defendants also provided fraudulent wage statements that failed to accurately reflect the number of hours worked and their proper compensation.

76.    Due to the Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants unpaid wages; unpaid wages, including overtime, due to time shaving; unpaid wages, including overtime, due to an invalid tip credit; damages for unreasonably delayed payments; unpaid spread of hours premium; reasonable attorneys' fees; liquidated damages; statutory penalties; and costs and disbursements of the action, pursuant to NYLL.

**COUNT III**

**<u>RETALIATION UNDER THE FAIR LABOR STANDARDS ACT</u>**

77.    Plaintiff realleges and incorporates all the foregoing paragraphs as if fully set forth herein.

78.    At all relevant times Plaintiff was an employee of Defendants within the meaning of the FLSA, and was a person covered by and intended to benefit from the provisions of the FLSA.

79.     Section 15(a)(3) of the FLSA provides that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . under or related to this Act."

80.     As alleged herein, Plaintiff complained to Defendants and managers about his wage violations.

81.     In response to such complaints, Defendants  did not pay Plaintiff his full wages owed in violation of Section 15(a)(3).

82.     This retaliatory demotion was in willful disregard of the provisions of the FLSA.

83.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff suffered damages in the form of lost earnings. Plaintiff seeks judgment in an amount to be determined at trial for these damages as well as an award of liquidated damages, interest, attorneys' fees, and costs, as provided for under the FLSA.

## COUNT IV

## **RETALIATION UNDER THE NEW YORK LABOR LAW**

84.     Plaintiff realleges and incorporates all the foregoing paragraphs as if fully set forth herein.

85.     At all relevant times Plaintiff was an employee of Defendants within the meaning of the NYLL, and was a person covered by and intended to benefit from the provisions of the NYLL.

86.     Defendants willfully violated the NYLL by retaliating against Plaintiff by demoting not paying him after he raised concerns about his wages and hours.

87.     Defendants' actions constitute a violation of Sections 215 of the NYLL. In relevant part, NYLL § 215(1)(a) states:

No employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any

other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, <u>reasonably and in good faith, believes violates any provision of this chapter</u>, or any order issued by the commissioner. . . . (emphasis added).

88.     As alleged herein, Plaintiff complained to Defendants and managers about his wage violations.

89.     In response to such complaints, Defendants did not pay Plaintiff his full wages owed in violation of Section 215(a).

90.     This retaliatory conduct by Defendants was in willful disregard of the provisions of the NYLL.

91.     As a direct and proximate result of Defendants' willful disregard of the NYLL, Plaintiff suffered damages in the form of lost earnings. Plaintiff seeks judgment in an amount to be determined at trial for these damages as well as an award of liquidated damages, interest, attorneys' fees, and costs, as provided for under the NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of himself, FLSA Collective Plaintiffs, and Class Members, respectfully request that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.   An aware of unpaid wages, including overtime under the FLSA and NYLL;

d.  An award of unpaid wages, including overtime, due to time shaving due under the FLSA and NYLL;

e.  An award of unpaid overtime, due to an invalid tip credit under the FLSA;

f.  An award of unpaid wages, including overtime, due to an invalid tip credit under the NYLL;

g.  An award of liquidated damages and interest for each late payment of wages pursuant to NYLL § 191(1)(a)(i);

h.  An award of unpaid "spread of hours" premium due under the NYLL;

i.  An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

j.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages pursuant to 29 U.S.C. § 216;

k.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages pursuant to the NYLL;

l.  An award of back pay; front pay; compensatory damages; punitive damages; and all other penalties the Court deems appropriate as a result of Defendants' willful retaliatory conduct against Plaintiff, pursuant to the  FLSA and NYLL;

m.  An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

n.  Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

o.  Designation of this action as a class action pursuant to F.R.C.P. 23;

p.  Designation of Plaintiff as Representatives of the Class; and

q.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: October 25, 2022

Respectfully submitted,

By:___*/s/ C.K. Lee*_____
        C.K. Lee, Esq.

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs, and the Class*